Mark Fleming, Esq. (SBN 165770)
LAW OFFICE OF MARK FLEMING
1470 Encinitas Blvd., Suite 133
Encinitas, CA 92024
Telephone: 619-300-6202
Email:  mark@markfleminglaw.com

Christina G. Bernstein, Esq. (SBN 197878)
GARCIA HONG LAW APC
10680 Treena St., Suite 160
San Diego, CA 92131
Telephone: 858-255-0163
Email:  christina@garciahonglaw.com

Attorneys for Defendant/Counter Claimant
**MINH QUANG HOANG**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| N. KELLY HOANG LAW FIRM and NGUYEN-HONG KELLY HOANG a.k.a, N. KELLY HOANG,<br><br>Plaintiff,<br><br>v.<br><br>MINH QUANG HOANG and DOES 1 through 20, inclusive,<br><br>Defendants.<br>_____<br>MINH QUANG HOANG,<br><br>Counter Claimant,<br><br>v.<br><br>N. KELLY HOANG LAW FIRM and NGUYEN-HONG KELLY HOANG a.k.a. N. KELLY HOANG,<br><br>Counter Defendant. | CASE NO.  8:21-cv-02051-JLS-DFM<br><br>Honorable Douglas F. McCormick<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT/COUNTER CLAIMANT'S MINH QUANG HOANG FOR TERMINATING, EVIDENTIARY AND/OR MONETARY SANCTIONS FOR VIOLATIONS OF THIS COURT'S ORDER**<br><br>Date:   May 9, 2023<br>Time:  10:00 a.m.<br>Location: Courtroom 6B, 6th Floor |

*///*

*///*

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 9, 2023, at 10:00 a.m., before the Honorable Douglas F. McCormick, Magistrate Judge of the above entitled Court, located at Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth Street, Santa Ana, CA 92701, Courtroom 6B, 6th Floor, defendant/counterclaimant MINH QUANG HOANG ("MINH") will move this Court for an Order for terminating, evidentiary, and/or monetary sanctions against plaintiffs/counterdefendants N. KELLY HOANG LAW FIRM and NGUYEN-HONG a.k.a. N. KELLY HOANG (collectively "KELLY") for KELLY's violation of Judge McCormick's order following the March 21, 2023 hearing on MINH's motion to compel and for monetary sanctions.

This motion is made pursuant to Fed. R. of Civ. P., Rules 37(b)(2) and 41(b). The request for sanctions is made pursuant to Fed. R. Civ. P., Rule 37(b) and (d).

This motion is based on this notice of motion, the memorandum of points and authorities, and the declaration of Mark Fleming submitted herewith; on the pleadings and records on file herein and other such matters as may be presented at the hearing.

Respectfully Submitted,

GARCIA HONG LAW

Dated: April 7, 2023

By: //s//
Christina G. Bernstein, Esq.
Attorney for Defendant/Counter Claimant
MINH QUANG HOANG

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff/Counterdefendant KELLY, representing herself, brought the instant action seeking more than $568,000 in damages against MINH for claimed legal services rendered between 2015 and February 2020. In October 2020, at least 6 months after MINH's request, KELLY, for the first time, provided legal invoices purporting to substantiate her legal fees of $568,000.

MINH filed a counterclaim alleging, *inter alia*, that KELLY unreasonably charged MINH more than $568,000 for legal services that she did not provide as criminal defense counsel in two separate criminal federal trade secret cases in Utah. MINH was eventually acquitted by a jury on all counts in February 2020. MINH's counterclaim brought claims for intentional infliction of emotional distress, fraud, unjust enrichment, breach of fiduciary duty, and unfair business practices (California Business & Professions Code § 17200 et seq.)

KELLY moved to dismiss MINH's counterclaim. On July 12, 2022, Judge Staton denied the motion in its entirety. KELLY filed an answer to MINH's counterclaim on July 25, 2022.

MINH propounded requests for production of documents on KELLY on October 31, 2022. [Declaration of Mark Fleming, ¶ 2. ("Fleming Dec.")] After a generous extension, KELLY's responses to the requests for production of documents were due on January 31, 2023. [Fleming Dec., ¶ 3.] KELLY failed to provide written responses to the requests for production on January 31, 2023. MINH's counsel attempted to meet and confer with KELLY, but she failed to respond to their request. [Fleming Dec., ¶ 4.] As a result, MINH was forced to file a motion to compel responses to his requests for production of documents. This Court heard that motion on March 21, 2023 and ordered KELLY to provide written responses to the requests for production of documents within seven days. Again, KELLY failed to provide those responses as ordered. [Fleming Dec., ¶ 5.] As a

3

result, MINH brings the instant motion for terminating, evidentiary, and/or monetary sanctions.

## II.    KELLY VIOLATED THIS COURT'S March 21, 2023 ORDER WARRANTING TERMINATING SANCTIONS

Counsel for both parties appeared in person on March 21, 2023 on MINH's Motion to Compel Responses to Requests for Production, Set One and for Monetary Sanctions before Judge Douglas F. McCormick. At the hearing, KELLY agreed to provide written response to MINH's Requests for Production of Documents, Set One within seven (7) days of the hearing, or March 28, 2023. [Fleming Dec., ¶ 5.] Following the hearing, the Court issued to all parties via ECF the minutes following the hearing. Those minutes clearing documents this Court's order that "Plaintiff provide written responses to the Request for Production of Documents, without objections, within seven (7) days." [Fleming Dec., Exhibit A.] Despite being present at the hearing and agreeing to produce written responses to MINH's requests for production of documents, KELLY failed to provide those responses on March 28, 2023. [Fleming Dec., ¶ 5.]

On March 29, 2023 at 11:00 a.m., MINH's counsel emailed KELLY advising her that MINH intended to move for sanctions, including terminating sanctions as a result of her willful violation of this Court's Order at the March 21, 2023 hearing.[1] [Fleming Dec., Exhibit B.] On March 30, 2023 at 11:58 p.m., KELLY finally served written responses to MINH's requests for production of documents. [Fleming Dec., Exhibit C.] On March 31, 2023 at 12:05 a.m., KELLY sent an additional email stating that "she could have sworn" she had 14 days to file the

---

[1] In the same email, MIHN's counsel also requested a meet and confer and immediate withdrawal of five (5) sets of written discovery served by KELLY on MINH on March 23 and 24, 2023 in violation of Judge Staton's Civil Trial Order. Judge Staton's Civil Trial Order specifically stated in relevant part (emphasis added): "C. Fact Discovery Cut-Off Date: The Scheduling Order establishes a cut-off date for discovery in this action. **This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed**. . . ." With our March 24, 2023 fact discovery cut-off date, the last day to serve written discovery in this case was February 22, 2023. [Fleming Dec., Exhibits B & E.]

responses. [Fleming Dec., Exhibit D.] KELLY's feigned confusion is not credible given that she was told both orally and in writing to by this Court to provide written responses to MINH's requests for production within seven days.

KELLY's anticipated claim of confusion does not hold up to scrutiny. KELLY appeared in person at the March 21, 2023 hearing and agreed on the record to provide written responses to MINH's requests for production of documents within seven (7) days. If she was confused about her obligations, she could have clarified it with the Court during the hearing. Furthermore, any confusion on when KELLY was required to serve written responses was clarified when the Court's minute order was served by the Court on all parties on March 23, 2023 at 10:46 a.m. KELLY was informed orally and in writing of her deadline to serve written responses to MINH's discovery requests, but instead, decided to ignore her obligations.

Based on the record before the Court, KELLY's failure to comply with the Court's order should be construed, at a minimum, as willful. Therefore, the severe sanction of dismissal is warranted under Fed. R. Civ. P., Rule 37(b)(2)(A)(v) as authorized under Fed. R. Civ. P., Rule 37 (d)(3).

The court may sanction the disobedient party by striking pleadings, staying further proceedings pending compliance, or terminating the action by default or dismissal. (Fed. R. Civ. P. 37(b)(2)(A)(iii)-(iv); *Toth v. Trans World Airlines, Inc.* (9th Cir. 1988) 862 F.2d 1381, 1385; *SEC v. Razmilovic* (2nd Cir. 2013) 738 F.3d 14, 26 (entering default judgment); *Universal Health Group v. Allstate Ins. Co.* (6th Cir. 2013) 703 F.3d 953, 956 (dismissal of complaint for repeated violation of discovery order).)

KELLY's conduct was, at a minimum, willful and/or in bad faith. All that is required to demonstrate "willfulness" or "bad faith" is "disobedient conduct *not shown to be outside the control of the litigant*." (*Henry v. Gill Industries, Inc.* (9th Cir. 1993) 983 F.2d 943, 948 (emphasis added) (delay and failure to appear

resulting from party being out of town and "misunderstandings" with own counsel are not outside party's control); *Smith v. Smith* (5th Cir. 1998) 145 F.3d 335, 344; *Consumer Financial Protection Bureau v. Morgan Drexen, Inc.* (C.D. CA 2015) 101 F.Supp.3d 856, 868.)

KELLY was reminded of her obligation to provide written discovery responses both orally at the hearing by this Court and afterwards in writing when this Court served minutes of the hearing clearly requiring KELLY to provide responses in seven days. In *Hester v. Vision Airlines, Inc.* (9th Cir. 2012) 687 F.3d 1162, 1169-1170, the Court ruled that terminating sanctions were properly issued absent prior imposition of lesser sanctions, where party's willful bad conduct showed lesser sanctions would be "pointless." Similarly, this Court should impose terminating sanctions in the instant case and dismiss KELLY's complaint.

## III.   IN THE ALTERNATIVE, EVIDENTIARY SANCTIONS AGAINST KELLY ARE WARRANTED

If this Court is disinclined to issue a terminating sanction and dismiss KELLY's complaint, then MINH respectfully requests that this Court impose an evidentiary sanction preventing KELLY from introducing any documentary evidence at the trial of the instant matter. When a party (in this case an attorney representing herself), fails to obey a discovery order, the Court may issue an order prohibiting the disobedient party from supporting her claims or defenses or from introducing designated matters into evidence. (Fed. R. Civ. P. 37(b)(2)(A)(ii); *Von Brimer v. Whirlpool Corp.* (9th Cir. 1976) 536 F.2d 838, 844; *Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc.* (E.D. NY 2013) 295 F.R.D. 1, 5 (preclusion of evidence warranted due to willful obstruction and obfuscation).) KELLY's failure to timely provide written responses to MINH's requests for production of documents has deprived him of the opportunity to refute or conduct additional discovery once the scope of KELLY's evidence was fully disclosed. As such, KELLY should be prevented from introducing any documentary evidence at trial.

6

NOTICE OF MOTION AND MOTION BY MINH QUANG HOANG FOR TERMINATING, EVIDENTIARY AND/OR MONETARY SANCTIONS FOR VIOLATION OF THIS COURT'S ORDER

## IV.  MIHN IS ENTITLED TO MONETARY SANCTIONS FOR THE INSTANT MOTION

Monetary sanctions should be imposed against KELLY for failure to comply with the discovery statutes. After granting a motion to compel, the Court shall "require the party or deponent whose conduct necessitated the motion . . . to pay movant's reasonable expenses incurred in making the motion, including attorney's fees" unless there is a showing that the party's conduct was justified. (Fed. R. Civ. P. 37(a)(5)(A); *Soto v. City of Concord*, 162 F.R.D. 603, 622 (N.D. Cal. 1995).) A party who fails to respond to a request for inspection is subject to sanctions even in the absence of a prior order. (Fed. R. Civ. P. 37(d); *Hilao v. Estate of Marcos*, 103 F.3d 762, 764-765 (9th Cir. 1996).)

Such failure to respond to discovery does not need to be willful for the imposition of sanctions. (*Lew v. Kona Hospital*, 754 F.2d 1420, 1426 (9th Cir. 1985.) KELLY has not and cannot provide a justification for her failure to comply with the discovery statutes and the meet and confer process. MINH requests that this Court order KELLY to pay monetary sanctions for the costs he incurred in bringing the instant motion. MINH's costs in bringing the instant motion for sanctions are $3,425. [Fleming Dec., ¶¶ 9-17.]

///
///
///
///
///
///
///
///
///
///

7
NOTICE OF MOTION AND MOTION BY MINH QUANG HOANG FOR TERMINATING, EVIDENTIARY AND/OR MONETARY SANCTIONS FOR VIOLATION OF THIS COURT'S ORDER

1

## V.     <u>CONCLUSION</u>

2        Based on the foregoing, MINH respectfully requests that this Court issue

3 terminating sanctions and dismiss KELLY's complaint in the instant case for her

4 violation of this Court's order. Alternatively, MINH requests that KELLY be

5 barred from introducing any documentary evidence at trial. Finally, MINH

6 respectfully requests that this Court order monetary sanctions for the costs of

7 bringing the instant Motion.

8 Respectfully Submitted,

9                                      GARCIA HONG LAW

10

11 Dated: April 7, 2023                By:  //s//
                                       Christina G. Bernstein, Esq.
12                                     Attorney for Defendant/Counter Claimant
                                       MINH QUANG HOANG
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION BY MINH QUANG HOANG FOR TERMINATING, EVIDENTIARY AND/OR
MONETARY SANCTIONS FOR VIOLATION OF THIS COURT'S ORDER